Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3575 | DATE | 11/18/2003 |
| CASE TITLE | RAFAL VIGNERON vs. UNITED STATES OF AMERICA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Petitioner's motion to set aside or correct his sentence is denied. All pending dates and motions are stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 19 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAFAL VIGNERON, )
)
        Petitioner, )
)
vs. ) No. 03 C 3575
)
UNITED STATES OF AMERICA, )
)
        Respondent. )

DOCKETED
NOV 1 9 2003

## MEMORANDUM OPINION AND ORDER

Petitioner Rafal Vigneron brings this habeas corpus petition pursuant to 28 U.S.C. § 2255 to set aside or correct his sentence for distributing a schedule I controlled substance, the use of which resulted in a death. Petitioner contends he received ineffective assistance of counsel, evidenced by his improper sentence. For the following reasons, his petition is denied.

## BACKGROUND

On or about May 6, 2000, petitioner arranged for the delivery and sale of 1800 pills which he believed contained Ecstasy (MDMA). The pills actually contained 4-Methoxyamphetamine (PMA) and 4-Methoxymethamphetamine (PMMA). Petitioner distributed the pills, which were then resold to a number of buyers. One of the buyers died after ingesting several of the pills. A toxicology report revealed that the deceased had a lethal amount of PMA in his bloodstream.

Petitioner pled guilty to knowingly and intentionally distributing PMA, a schedule I controlled substance, and PMMA, a schedule I controlled substance analogue, the use of which resulted in death, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). In the plea

agreement, the U.S. Attorney for the Northern District of Illinois and petitioner agreed that, pursuant to United States Sentencing Guidelines § 2D1.1(a)(2), the base level for a violation of 21 U.S.C. § 841(b)(1)(C) in which death resulted was 38. The agreement explained that petitioner's offense level should be reduced three levels due to his acceptance of responsibility for the crime. The agreement also provided that if petitioner aided the government in its investigations and/or prosecutions of other drug distributors, it would recommend that the court depart from the mandatory minimum sentence of twenty years imprisonment. Recognizing petitioner's lack of intent to kill or injure, and his cooperation with the government in its investigation of drug distributors, petitioner was sentenced to 84 months imprisonment, with five years supervised release -- considerably less than the mandatory minimum sentence.

## DISCUSSION

Habeas corpus relief is reserved for extraordinary situations. Prewitt v. U.S., 83 F.3d 812, 816 (7th Cir. 1996) *citing* Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993). As the Seventh Circuit explained, "To succeed on a § 2255 petition a convicted defendant must show that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.* Petitioner waived his direct appeal and any collateral attack, including those under § 2255, except for claims of ineffective assistance of counsel. Accordingly, he only brings a claim for ineffective assistance of counsel.

To establish an ineffective assistance of counsel claim, a defendant must show 1) that his attorney's representation fell below an objective standard and 2) that there is a reasonable

probability that but for his attorney's substandard representation the result of the proceeding would have been different. United States v. Moya-Gomez, 860 F.2d 706, 763 (7th Cir. 1988) *citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). For the first prong of this test the defendant must specify acts or omissions by his counsel, which are "outside the wide range of professionally competent assistance" and which form the basis for the claim of ineffective assistance. Strickland, 466 U.S. at 690. For the second prong, the defendant must demonstrate that his counsel's incompetent assistance undermines confidence in the outcome of the proceeding. *Id.* at 694.

Petitioner argues that two of his attorney's failures evidence her ineffective assistance. First, his attorney allowed him to be sentenced under the 2001 Sentencing Guidelines, instead of the 2000 Guidelines. Second, she did not contest petitioner's sentencing under 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 2D1.1(a)(2), even though petitioner did not intend death to result from his distribution of drugs. Neither of these arguments states a successful claim for ineffective assistance of counsel.

Petitioner argues that the use of the 2001 Sentencing Guidelines resulted in both an extended sentence and an *ex post facto* violation. He maintains that the crime to which he pled guilty occurred on May 6, 2000, yet he was sentenced under a guideline which became effective on May 1, 2001, almost a year later. The amended guideline increased the equivalence of one gram of MDMA, the drug which petitioner distributed, from 35 grams of marijuana to 500 grams.

While it is true that the Sentencing Commission increased the drug equivalency for MDMA in 2001, this amendment to U.S.S.G. § 2D1.1 had no bearing on petitioner's sentence.

Petitioner was not sentenced under a subsection of U.S.S.G. § 2D1.1, which relied on the amended drug equivalency chart; he was sentenced under § 2D1.1(a)(2). Section 2D1.1(a)(2) of the 2001 Sentencing Guidelines was identical to that of the 2000 Guidelines. Both sections stated: "(a) Base Offense Level (Apply the greatest): . . . (2) 38, if the defendant is convicted under 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), or (b)(1)(C), or 21 U.S.C. § 960(b)(1), (b)(2), or (b)(3), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance . . ." U.S.S.G. § 2D1.1(a)(2). Thus, petitioner's sentence would have been the same regardless of which guideline was used. The decision by petitioner's counsel not to argue otherwise did not amount to ineffective assistance.

Petitioner further argues that he received ineffective assistance of counsel because his attorney failed to contest the application of 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 2D1.1(a)(2). He claims that in order to be sentenced under these sections there must be a "direct tie between the death and the defendant, and the defendant must intend the death." Petitioner maintains that he lacked such intent, evidenced by the language in the sentencing proceedings and the plea agreement, which reveals that he believed that the drug he was distributing was Ecstasy, not PMA.

Despite his mistaken belief, petitioner admitted in the plea agreement and his plea colloquy that the controlled substance that he distributed caused the death of an individual. Petitioner's decision to plead to this fact may have been motivated by a toxicologist's conclusion that PMA was the obvious cause of death. Regardless, since the court may accept a defendant's colloquy statement as true, *see* United States v. Parker, 245 F.3d 974, 977 (7th Cir. 2001), this admission triggered the application of 21 U.S.C. § 841(b)(1)(C) and U.S.S.G.

§ 2D1.1(a)(2). Section 841(b)(1)(C) states, "[A]ny person who violates subsection (a) of this section shall be sentenced as follows: .... (C) In the case of a controlled substance in schedule I or II ... such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life ...." Numerous courts have held that § 841(b)(1)(C) applies regardless of whether the defendant intended harm or reasonably foresaw harm. *See* United States v. Robinson, 167 F.3d 824, 831 (3d Cir. 1999); United States v. Patterson, 38 F.3d 139, 145 (4th Cir. 1994); United States v. Soler, 275 F.3d 146, 152-53 (1st Cir. 2002). Likewise, U.S.S.G. § 2D1.1(a)(2), which establishes a base offense level of 38 for a conviction under 21 U.S.C. § 841(b)(1)(C), in which death or serious bodily injury resulted from the use of the controlled substance, applies regardless of intent to harm or reasonable foreseeability. *See* United States v. Carbajal, 290 F.3d 277, 284 (5th Cir. 2002).

Petitioner relies on United States v. Rebmann, 321 F.3d 540 (6th Cir. 2002), to support his argument that he cannot be sentenced under U.S.S.G. § 2D1.1(a)(2). In Rebman, the defendant pled guilty to the distribution of a schedule I controlled substance but not to the subsequent death allegedly caused by the drug. *Id.* at 540. The court held that the sentencing enhancement under 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 2D1.1(a)(2) could only take affect if the resulting death was proven beyond a reasonable doubt, not merely by a preponderance of the evidence. *Id.* at 543. This case does not support petitioner's argument. We did not determine by a preponderance of the evidence that petitioner's distribution of drugs resulted in a death – petitioner pled to this fact. Furthermore, Rebmann does not stand for the

proposition that a defendant must intend to harm or kill in order to apply 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 2D1.1(a)(2). Petitioner's sentencing under 21 U.S.C. § 841(b)(1)(C) and U.S.S.G. § 2D1.1(a)(2) does not evidence ineffective assistance of counsel.

In his memorandum, petitioner calls on the court to consider the impact Apprendi v. New Jersey, 530 U.S. 466 (2000), has on his case. In Apprendi, the Supreme Court held that any fact which increases a penalty for a crime beyond the statutory maximum must be proved beyond a reasonable doubt. 530 U.S. at 490. Though petitioner faced a mandatory minimum sentence of twenty years imprisonment, he was sentenced to only seven years due to his decision to plead guilty and cooperate with federal authorities. Thus, Apprendi does not apply to petitioner's case.

## CONCLUSION

For the foregoing reasons, petitioner's motion to set aside or correct his sentence is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 18, 2003.